# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. STEVEN BOOTH, LOUISE Q. BOOTH, <br><br> Plaintiffs, <br><br> v. <br><br> KENT R. SPJUTE, et al., <br><br> Defendants. | 1:07-cv-00609 AWI GSA <br><br> ORDER CONTINUING STAY |

In its Status Report dated May 4, 2009, Defendant United States of America requests this Court continue the stay previously ordered on November 24, 2008, due to the ongoing criminal prosecution of Plaintiffs, following an indictment of April 9, 2009. (Doc. 64.) No opposition has been filed by Plaintiffs.

**RELEVANT BACKGROUND**

Plaintiffs are involved in tax disputes with Defendant United States. Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate and Michelle M. Casarez are Internal Revenue Service agents ("Federal Agents"). The United States obtained a search warrant for Plaintiffs' place of business and Plaintiffs' residence, which were carried out by the Federal Agents on March 14, 2006.

Plaintiffs filed suit on April 20, 2007. (Doc. 1). The United States filed a Motion to Dismiss or in the Alternative for Summary Judgment on October 10, 2007. (Doc. 21). On September 24, 2008, the Court granted in part and denied in part the motion to dismiss. (Doc.

1

43). On October 10, 2008, Plaintiffs filed a First Amended Complaint. (Doc. 46). The amended complaint contains three causes of action: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) failure to instruct, supervise, control and discipline against unknown DOE defendants; and (3) unauthorized disclosure of tax information against the United States.

On October 21, 2008, Defendant United States filed a motion to stay this case for six months based on a pending criminal investigation and grand jury investigation, requesting that "thereafter the United States be required to submit a written status report explaining the current status of the criminal prosecution." (Doc. 48.) Defendant also received permission to file a declaration, *ex parte* and sealed, explaining the entanglement between this civil case and the criminal investigation. ( Docs. 49-50.) On November 13, 2008, Plaintiffs filed an opposition. (Doc. 57.)

On November 24, 2008, this Court granted the motion for stay and set the matter for a status conference on May 27, 2009. In a status report dated May 4, 2009, Defendant asserts the court should continue the stay in light of its indictment of the Plaintiffs on April 9, 2009, for conspiracy to defraud the United States and evade the payment of income taxes, among other charges. (Doc. 64.)

**DISCUSSION**

In their status report, Defendant indicates that this Court has previously noted that discovery in this case and any related criminal matter would likely cover the same substantive material, and assert that "[c]ontinuing the stay is appropriate at this time as administrative policies prioritize criminal prosecutions over civil actions due to courts' recognition that liberal civil discovery can imperil a criminal prosecution. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)." (Doc. 64 at 2.)

As discussed by the United States Supreme Court,

> A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified. In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence. The Government contends Degen might use the rules of civil discovery in the forfeiture suit to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted.

| | |
|---|---|
| 1 | > These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time . . . the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over. |
| 2 | |

*Degen v. United States*, 517 U.S. 820, 825-26 (1996), citations omitted, superceded on other grounds at 28 U.S.C. § 2466(a). In light of the criminal prosecution now pending as the result of the April 9, 2009, indictment naming Plaintiffs, this Court finds a continued stay of the instant civil proceedings is warranted. *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989).

**CONCLUSION AND ORDER**

Defendant United States' request to continue the previously-imposed stay of these proceedings is GRANTED. The case is STAYED through December 1, 2009. Defendant United States is DIRECTED to file a written status report regarding related criminal matters not later than fourteen (14) days before the stay expires. A status conference is set for December 2, 2009 at 9:30 a.m. in Department 10 of this Court.

It is further ORDERED that the Status Conference currently set for May 27, 2009, before the undersigned is taken OFF CALENDAR.

IT IS SO ORDERED.

Dated: __May 26, 2009__          __/s/ Gary S. Austin__
                                   UNITED STATES MAGISTRATE JUDGE