# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. STEVEN BOOTH, LOUISE Q. BOOTH,<br><br>                Plaintiffs,<br><br>    v.<br><br>KENT R. SPJUTE, et al.,<br><br>                Defendants. | 1:07-cv-00609 AWI GSA<br><br>ORDER GRANTING EXTENSION OF STAY AND VACATING STATUS CONFERENCE OF DECEMBER 2, 2009 |

      In its Status Report dated November 17, 2009, Defendant United States of America requests this Court continue the stay previously ordered on May 26, 2009, due to the ongoing criminal prosecution of Plaintiffs. (Doc. 68.) No opposition has been filed by Plaintiffs.

**BRIEF PROCEDURAL BACKGROUND**

      Plaintiffs are involved in tax disputes with Defendant United States. Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate and Michelle M. Casarez are Internal Revenue Service agents ("Federal Agents"). The United States obtained a search warrant for Plaintiffs' place of business and Plaintiffs' residence, which were carried out by the Federal Agents on March 14, 2006.

      Plaintiffs filed suit on April 20, 2007. (Doc. 1). The United States filed a Motion to Dismiss or in the Alternative for Summary Judgment on October 10, 2007. (Doc. 21). On September 24, 2008, the Court granted in part and denied in part the motion to dismiss. (Doc. 43). On October 10, 2008, Plaintiffs filed a First Amended Complaint. (Doc. 46). The amended

1  complaint contains three causes of action: (1) unreasonable search and seizure in violation of the
2  Fourth Amendment; (2) failure to instruct, supervise, control and discipline against unknown
3  DOE defendants; and (3) unauthorized disclosure of tax information against the United States.
4      On October 21, 2008, Defendant United States filed a motion to stay this case for six
5  months based on a pending criminal investigation and grand jury investigation, requesting that
6  "thereafter the United States be required to submit a written status report explaining the current
7  status of the criminal prosecution." (Doc. 48.)  Defendant also received permission to file a
8  declaration, *ex parte* and sealed, explaining the entanglement between this civil case and the
9  criminal investigation. ( Docs. 49-50.)  On November 13, 2008, Plaintiffs filed an opposition.
10 (Doc. 57.)
11     On November 24, 2008, this Court granted the motion for stay and set the matter for a
12 status conference on May 27, 2009.  In a status report dated May 4, 2009, Defendant asserted the
13 court should continue the stay in light of its indictment of the Plaintiffs on April 9, 2009, for
14 conspiracy to defraud the United States and evade the payment of income taxes, among other
15 charges. (Doc. 64.)  On May 26, 2009, this Court granted a further stay through December 1,
16 2009. (Doc. 68.)  In its November 17, 2009, status report, Defendant seeks a continued stay of
17 the instant proceedings because the trial in the related criminal proceeding is scheduled to
18 commence on January 26, 2010, and asserts any stay should extend through resolution of the
19 criminal proceedings.

## DISCUSSION

21     Defendant indicates that this Court has previously noted that discovery in this case and
22 any related criminal matter would likely cover the same substantive material, and assert that
23 "[c]ontinuing the stay is appropriate at this time as administrative policies prioritize criminal
24 prosecutions over civil actions due to courts' recognition that liberal civil discovery can imperil a
25 criminal prosecution. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)." (Doc. 69 at
26 3.)
27 //
28 //

As discussed by the United States Supreme Court,

> A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified. In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence. The Government contends Degen might use the rules of civil discovery in the forfeiture suit to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted. These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time . . . the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over.

*Degen v. United States*, 517 U.S. 820, 825-26 (1996), citations omitted, superceded on other grounds at 28 U.S.C. § 2466(a). In light of the criminal prosecution now pending as the result of the April 9, 2009, indictment naming Plaintiffs, and the trial presently scheduled to commence January 26, 2010, this Court finds a continued stay of the instant civil proceedings is warranted. *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989).

### CONCLUSION AND ORDER

Defendant United States' request to continue the previously-imposed stay of these proceedings is GRANTED. The case is STAYED until the resolution of the criminal case. Defendant United States is DIRECTED to file a written status report every three months, beginning February 20, 2010, to apprise the Court of the proceedings in the criminal case.

It is further ORDERED that the Status Conference currently set for December 2, 2009, before the undersigned is taken OFF CALENDAR.

IT IS SO ORDERED.

Dated:   **November 23, 2009**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE